# EXHIBIT A

State of Tennessee
Circuit Court of Humphreys County, Tennessee

**FILED**

MAR 21 2013

Elaine Choate
Circuit Court Clerk

LANCE ASHBY
    PLAINTIFF,

VS.

# 10173

DAY & ZIMMERMAN NPS INC.
    DEFENDANT.

To the above named defendant(s): Day & Zimmerman NPS Inc., by and through their agent for process, CT Corporation System, 800 South Gay Street, STE 2021, Knoxville, TN 37929.

    You are hereby summoned and required to serve upon Robert T. Keeton III, Plaintiff's attorney whose address is P.O. Box 647, Huntingdon, Tennessee 38344, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Elaine Choate Clerk of said Court.
Issued this 21st day of March, 2013.

BY: _Elli Stainfort_
    Deputy Clerk

Received this ____ day of _____, 2013.

Sheriff-Deputy Sheriff

---

NOTICE

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you therefore as necessary, however, unless it is filed before the judgment becomes final, it will not be effective on to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books, should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the ____ day APR 18 2013, 2013, I served this summons together with a copy of the complaint herein as follows: _Day & Zimmerman NPS Inc._

Ericka Fry

SHERIFF-DEPUTY SHERIFF

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

IN THE CIRCUIT COURT OF HUMPHREYS COUNTY, TENNESSEE

JOSEPH LANCE ASHBY,

    PLAINTIFF,

DOCKET NO. 10173

vs.

DAY & ZIMMERMAN NPS, INC.
a Foreign Corporation,

    DEFENDANT.

FILED

MAR 14 2013

Elaine Choate
Circuit Court Clerk

## COMPLAINT

Comes now the Plaintiff, by and through his attorney, and would respectfully state and show unto this most Honorable Court as follows:

1. That Plaintiff, Joseph Lance Ashby, is a citizen and resident of Benton County, Tennessee and resides at 411 Jacqueline Circle, Camden, Tennessee 38320.

2. That the Defendant, Day & Zimmerman NPS, Inc. is a foreign corporation licensed to do business in the State of Tennessee and can be served through its registered agent, CT Corporation System, located at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

3. That on or about the 1st day of February, 2001, Plaintiff settled a workers compensation case with the Defendant, Day & Zimmerman NPS, Inc. Said settlement included future medical benefits.

4. That on or about the 12th day of January 2010, Plaintiff settled a workers

compensation case with non-named employer, namely, Johnson Controls, with their workers comp insurance carrier same being American Insurance Company and/or Amerisure Insurance Company. Said settlement included future medical benefits.

5. Plaintiff was last employed as a foreman for Day & Zimmerman NPS, Inc. with the work site being New Johnsonville TVA power plant in New Johnsonville, Tennessee.

6. Beginning February 1, 2001 through the present, Plaintiff has utilized the respective workers comp carrier insurance benefits.

7. On November 19th, 2002 Plaintiff was hired by Day & Zimmerman NPS Inc. and then fired on that date after Five (5) hours of work because of his 2001 workers compensation case.

8. Plaintiff filed suit for retaliatory discharge against Day & Zimmerman NPS, Inc. and based on that account same was settled in Plaintiffs favor being Case No.: <u>03-CV-1189</u> in the United States District Court For The Middle District Of Tennessee.

9. On or about the 12th day of March, 2012, Plaintiff was contacted by an agent from Amerisure Insurance Company requesting that he "sell out" his future medical benefits. Said agent was Melissa Morrison. Pursuant to said conversation, Plaintiff did advise the agent for the Defendant, namely, Melissa Morrison, that he was employed and was not in any financial constraint. He further advised said agent Morrison that he did not have to have the money and would not sell out his future medical benefits. Said agent Morrison inquired as to where Plaintiff was working and in what capacity.

10. On or about the 16th day of March 2012 while your Plaintiff was a foreman

over several employees and during a critical time, namely, an "outage", Plaintiff was terminated by Defendant, Day & Zimmerman NPS, Inc. for no reason stated.

11. Said termination occurred at approximately 2:00 pm and was designed to embarrass Plaintiff.

12. Said termination is in close proximity to the request by said Defendant, Amerisure Insurance Company, to buy out Plaintiff's future medical benefits.

13. Plaintiff has inquired chronologically with his former superiors as to the basis/reason for termination.

14. It is your Plaintiff's knowledge, information and belief that the agent for Amerisure Insurance Company, namely, Melissa Morrison, did communicate with an agent for Defendant, Day & Zimmerman NPS, Inc., namely, Eddie Brant, regional manager, and the Defendant Day & Zimmerman NPS Inc. on March 16th, 2012 caused Plaintiff to be wrongfully terminated in retaliation for refusing on March 12th, 2012 to sell out his future medical benefits, for past workers comp claims and/or exercising his rights in a retaliatory discharge case which he had with said employer.

15. WHEREFORE, Plaintiff, Joseph Lance Ashby, sues the Defendant for a judgment to compensate him for his injuries, damages and losses in an amount not to exceed FIFTY THOUSAND AND 00/100 ($50,000.00) DOLLARS.

16. WHEREFORE, Plaintiff, Joseph Lance Ashby, sues the Defendant, Day & Zimmerman NPS Inc., for punitive damages in an amount not to exceed TWO

HUNDRED FIFTY THOUSAND AND 00/100 ($250,000.00) DOLLARS and demands a jury to try this cause.

Respectfully submitted,

*signature*

ROBERT T. KEETON III BPR# 013296
Attorney at Law
20240 East Main Street
P.O. Box 647
Huntingdon, Tennessee 38344
(731) 986- 4444
*Attorney for Plaintiff*

**COST BOND**
We here by acknowledge
ourselves as surety
in the above matter for
cost in above amount
not to exceed $1,000.00

*signature*

ROBERT T. KEETON III BPR# 013296